Robinson, J.
 

 The parties stand here in a position reverse to their position in the trial court, and will be referred to in the relation they stood in the trial court. The action grows out of a collision, in the nighttime of June 12, 1925, between the automobile of plaintiff’s decedent and the defendant’s freight train, at a grade crossing of Tuscarawas street and the tracks of the defendant, in the city of Canton, Ohio.
 

 The plaintiff’s decedent, accompanied by his wife and daughter, was traveling westerly upon Tuscarawas street, and the defendant was operating its train southerly upon its main track, with a cut of box cars in front of its locomotive, unlighted save by the presence of two of its employees on top of the southerly box car carrying lighted white lanterns. Plaintiff’s decedent and defendant’s train were each moving at a speed of about 10 miles per hour. There were buildings on either side of and
 
 *149
 
 adjacent to the right of way of the defendant, in a large measure cutting off the rays of light, cast by several street lights, and the view of plaintiff’s decedent northerly in the direction of the approaching train. The right of way was 60 feet wide and had two tracks upon it. The main track was the easterly track. Upon the right of way of the defendant, at the northeast corner of the intersection of the right of way with Tuscarawas street, was a watchman’s shanty, which, together with the buildings adjacent to the right of way, obstructed the view from all points east of the main track in Tuscarawas street, except from a point very near to the main track.
 

 The negligence charged against the defendant was failure to maintain a watchman, failure to carry a light upon the end of the advancing box car, and failure to sound a warning.
 

 The evidence upon the subject of the negligence of the defendant was in conflict, and we will not discuss it further than to say that the record discloses a situation which required the jury to determine whether, from the point where the plaintiff’s decedent approached and drove upon the track of defendant, he could, under the circumstances then and there existing, see the box car approaching from the north, and is such as to make the question of the contributory negligence of the plaintiff’s decedent an important, if not the controlling, question in the case.
 

 The defendant in writing requested the court to charge, before argument, its special request No. 11:
 

 “The jury is further instructed that, even though you find that Mrs. Heck and her daughter testified
 
 *150
 
 that the driver of the car, Mr. Heck, looked to the north and also to the south as he approached the railroad track, yet, in the event you further find that the only conclusion that can be reasonably reached upon consideration of the whole evidence is that, if Mr. Heck had in fact looked to the north at such time and place and in such a manner as would make the looking effective, he must and would have seen the box car in time to have avoided the injury, then in such event I say to you that the plaintiff cannot recover in this action, and your verdict should be for the defendant.”
 

 This request was refused.
 

 The court gave to the jury, before argument, special request No. 5, as follows:
 

 “It was the duty of the deceased, when approaching said railroad crossing, to make use of his senses of sight and hearing, to ascertain whether there was a train in the vicinity; and if, being in the full possession of his faculties, he failed to see or hear anything, when a prudent man, exercising his eyes and ears with ordinary care, would have discovered the train in close proximity, and he was thereby injured and killed, then in such event he was guilty of such negligence as will prevent a recovery by plaintiff in this action.”
 

 The court also gave to the jury, before argument, special request No. 10, as follows:
 

 “It was the duty of plaintiff’s decedent to look and listen for the approach of a train before going upon the railroad track, and, if decedent failed to do so and the train was then at such distance from the point of collision that, had decedent looked and listened, he would have seen the box car or heard
 
 *151
 
 the train and avoided the collision, then, in snch event, the decedent was gnilty of contributory negligence, and plaintiff cannot recover in this action. ’ ’
 

 It is contended by the plaintiff that all the elements' of request No. 11 are contained in requests Nos. 5 and 10.
 

 We are of opinion that under the peculiar facts of this case the defendant was entitled to have the jury instructed that, in the event they should find, by the weight of the evidence, that plaintiff’s decedent looked in the direction of the on-coming train just before he drove in front of it and upon the tracks of defendant, and should further find that, when he looked, he saw, or must have seen, such train in time to have avoided the collision and his consequent death, then he could not recover.
 

 Special requests Nos. 5 and 10 do not cover the contingency of the jury finding that the preponderance of the evidence is to the effect that the decedent did look in the direction of the on-coming train before driving upon the track, and further finding that the physical facts were such that, if he had looked, he would have seen in time to have avoided the collision and his death.
 

 While the facts of this case are not such as to warrant a court in declaring as a matter of law that the decedent was guilty of contributory negligence, they are such as to require the court to give to the jury, before argument, a charge upon the phase of the case assumed in special request No. 11, when a correct special request therefor is made in writing before argument. Request No. 11 stated the law upon that phase of the case, and, that being an important if not controlling issue in the
 
 *152
 
 case, which was not fully covered by any other special request given before argument, the refusal to give such charge was prejudicial error.
 

 We find no other prejudicial error in the record.
 

 The judgment of the Court of Appeals and that of the court of common pleas will be reversed, and the causé remanded for further proceedings according to law.
 

 Judgment reversed and cause remanded.
 

 Marshall, C. J., Day, Allen, Kinkade, Jones and Matthias, JJ., concur.