Day, J.
 

 Was the trial court justified in directing a verdict in favor of the railroad company at the close of the plaintiff’s case, upon the ground that plaintiff, Rusynik, was guilty of contributory negligence as a matter of law?
 

 It was the duty of the trial court to consider all the evidence submitted, and any reasonable inference therefrom, in the most favorable light to the plaintiff, Rusynik.
 
 Pope, Admx.,
 
 v.
 
 Mudge,
 
 108 Ohio St., 192, 140 N. E., 501;
 
 McMurtrie
 
 v.
 
 Wheeling Traction Co.,
 
 107 Ohio St., 107, 140 N. E., 636. With that rule in mind, it must be conceded that the evidence tended to show that no signals were given by the engineer of the approaching train
 
 *535
 
 as it neared the grade crossing in question. This evidence being conceded, did the record show negligence upon the part of plaintiff contributing to his injury, even though the railroad company was negligent?
 

 The testimony of the plaintiff himself shows that he had been standing a short distance from the double tracks of the railroad, awaiting the passing of an east-bound freight train; that after the freight train had passed, Busynik started his truck, to go over the crossing. He says, in his direct examination, “I looked in front, ahead, and watched the road.” In cross-examination, he says that after passing the first track he looked “down to Cleveland,” and in response to a question as to whether he looked toward Pittsburgh, the direction from which the passenger train came, he answered, “I got no time, I was looking ahead, I watch the road ahead,” and further, in response to the question as to whether, after he got between the tracks and just before he was on the north or west-bound track, he looked down toward Pittsburgh, he answered, “I looked down to Cleveland, I looked in front of me. I was watching the road.” “Then you didn’t look down toward Pittsburgh again?” To which he answered, “No.”
 

 The record further discloses that Busynik was familiar with the crossing in question, having crossed and recrossed the same “about a hundred times or better;” that he knew it was a frequent occurrence to have trains of all kinds pass and repass over said crossing; that his eyesight was good.
 

 The evidence tends to show that just before
 
 *536
 
 starting across the northern or west-bound track on which the accident occurred, the truck which Rusynik was driving had been standing between the south or east-bound track and the wigwag signal, where the gong, which was sounding, was situated. . Rusynik testified he did not hear the gong, although he did hear the horns of several automobiles sounding just before he started to cross the track. The record indicates that there had ‘been a gathering of several automobiles on both sides of the track, waiting for the crossing to clear.
 

 Stated briefly, the plaintiff testified he heard no signals of the approaching passenger train coming from Pittsburgh toward Cleveland, and did not hear the sounding of the crossing gong, on account of the noise of the passing freight train; that after the last car of the freight train had gone about 175 to 200 feet he looked eastwardly as far as he could see past the receding freight train, a distance of “about four or five box cars by;” that the railroad track to the east was straight for nearly a mile; and that there was some smoke from the passing freight train. Relying upon his sense of hearing alone, in so far as any danger approaching from the east was concerned, he deliberately drove upon the northerly or west-bound track without looking, at a time and place when such looking would have been effective, in the direction from which the train that caused the injury was approaching. Had he so looked, he must surely have seen the approaching train in time to have avoided the injury, for he was moving at a rate of 1 to 1% miles per hour. A wait of a moment or
 
 *537
 
 two would have given time for the freight train to have passed far enough away for the smoke to have cleared, thus affording him a clear and unobstructed view of the approaching passenger train.
 

 When a passing train is upon the track nearest to the traveler, and one or more parallel tracks are beyond this track, the traveler on the highway must give heed to the fact that a fast moving train may be approaching the crossing in the opposite direction from that in which the train on the first track is moving, which may be entirely concealed from the view of the traveler by the moving train then occupying the crossing; and it is not the exercise of ordinary care for his own safety on the part of the traveler to await only until the passing train shall have cleared the crossing and then to go forward without waiting to ascertain whether another train is approaching the crossing on a track beyond that of the passing train. Time must be given to permit the passing train to get so far beyond the crossing that the traveler, while halted in a place of safety, may be afforded a clear view of the track or tracks in both directions, that he may thereby know whether a moving train is in close proximity to the crossing thereby endangering any attempt he may make to cross the tracks in front of such approaching train. The omission of such caution on the part of the traveler will constitute contributory negligence on his part sufficient to bar any recovery for damages against the railway company for injuries which he may sustain in a collision with a train, due to his omission to exercise the caution stated; and this is true, not
 
 *538
 
 withstanding the fact that the employes of the railway company have neglected to give the signals of the train’s approach to the crossing, required by law to be given.
 

 Was this failure upon Rusynik’s part such negligence as prevents a recovery? We think, in the light of the adjudicated cases, that such conduct constitutes contributory negligence which prevents recovery. It was Rusynik’s duty to use his senses of sight and hearing to avoid injury to himself when he went upon this grade crossing, which is admittedly a place of danger. The time to use his senses for his own protection was just before going into the zone of danger, and they should be employed in a manner that would make their use, both the looking and listening, effective.
 

 The rule as to the duty of a person going upon a railroad crossing has been announced by this court many times.
 
 Cleveland, C. & C. Rd. Co.
 
 v.
 
 Crawford, Admr., 24
 
 Ohio St., 631, 15 Am. Rep., 633;
 
 Cleveland, C., C. & I. Ry. Co.
 
 v.
 
 Elliott,
 
 28 Ohio St., 340;
 
 New York, C. & St. L. Rd. Co.
 
 v.
 
 Kistler,
 
 66 Ohio St., 326, 64 N. E., 130;
 
 B. &
 
 O.
 
 Rd. Co.
 
 v.
 
 McClellan, Admx.,
 
 69 Ohio St., 142;
 
 Cleveland, C., C. & St. L. Rd. Co.
 
 v.
 
 Lee, Admr.,
 
 111 Ohio St., 391, 145 N. E., 843;
 
 Buell, Admx.,
 
 v.
 
 New York Cent. Rd. Co.,
 
 114 Ohio St., 40, 150 N. E., 422;
 
 Detroit, T. & I. Rd. Co.
 
 v.
 
 Bohrs,
 
 114 Ohio St., 493, 151 N. E., 714;
 
 Toledo Terminal Rd. Co.
 
 v.
 
 Hughes,
 
 115 Ohio St., 562, 154 N. E., 916;
 
 Baltimore & O. Rd. Co.
 
 v.
 
 Heck,
 
 117 Ohio St., 147, 157 N. E., 485. The case of
 
 Baltimore & O. Rd. Co.
 
 v.
 
 Goodman,,
 
 275 U. S., 66, 48 S. Ct., 24, is also cited by plaintiff in error in support of its contention.
 

 
 *539
 
 The majority of the court are of opinion that no “phase of the facts, as shown by the evidence upon the subject of contributory negligence, will warrant the inference that the plaintiff, at the time of the injury, was exercising due care,”
 
 McMurtrie
 
 v.
 
 Wheeling Traction
 
 Co.,
 
 supra;
 
 that his conduct showed such negligence on his part contributing to his injury as to prevent a recovery.
 

 Our attention is called to the statutory violation of the plaintiff in error in failing to give the signals required by law in approaching the crossing, and it is urged that this is negligence
 
 per se.
 
 The case of
 
 Schell
 
 v.
 
 Du Bois, Admr.,
 
 94 Ohio St., 93, 113 N. E., 664, L. R. A., 1917A, 710, is relied upon, but it is to be noted that the defendant is liable for such violation, provided an injury proximately caused thereby is not directly contributed to by the injured person.
 

 In the light of this record and the declaration of the rule in the cases above set forth, we find it our duty to reverse the judgment of the Court of Appeals and affirm that of the court of common pleas.
 

 Judgment of the Court of Appeals
 
 reversed,
 
 and that of the common pleas affirmed.
 

 Marshall, C. J., Kinkade, Jones and Matthias. JJ., concur.