VILLAGE OF NEWBURGH HEIGHTS *v.* VANEK.

(Decided October 29, 1928.)

*Mr. J. E. Mathews,* for plaintiff in error.
*Messrs. Artl & Smolka,* for defendant in error.

JUSTICE, J. The action originated in the court of common pleas of Cuyahoga county, and it comes here on error to that court. Frank Vanek brought the action against the village of Newburgh Heights to recover damages for alleged personal injuries and property loss, caused, as he claimed, by the negligence of the village. An answer was filed by the village, denying any negligence on its part. Upon trial, a verdict was returned for Vanek. A motion for a new trial was overruled and a judgment entered upon the verdict. The reversal of that judgment is the object of this proceeding.

A number of errors are assigned. Only one, however, is relied upon for a reversal—error of the trial court in overruling the motion of the village for a directed verdict in its favor at the close of all the evidence.

The evidence discloses that on the morning of November 3, 1925, there existed on Harvard avenue, one of the streets of said village, a hole described as being 3 feet long, 10 inches wide, and 8 inches deep; that said hole had existed in said street for several weeks prior to that date; that the village,

by and through its duly constituted officials, had either actual or constructive knowledge thereof; that on said day, about the hour of 6 a. m., Vanek, while operating his automobile upon said street, ran it into said hole and by reason thereof sustained injuries to his person and damage to his automobile; and that, according to Vanek, the street was covered with snow, by reason whereof he could not see the hole in the street until about 3 feet from it.

Vanek was interrogated about the lights on his automobile, and we quote the questions asked and the answers given by him concerning them:

"Q. What lights did you have burning, bright or dim?

"A. Dim lights.

"Q. How far in front of your machine did your dim lights throw their light?

"A. About three feet.

"Q. You say that the rays of the lights you were using at the time of the accident illuminated the roadway only three feet in front of your machine?

"A. Yes, sir."

Vanek further testified that it was dark at the time of the accident; that he could not see the roadway beyond the rays of the lights of his automobile; that the falling snow did not interfere with his view of the street; and that he was driving his car about 18 to 20 miles per hour.

It further appears that the sun did not rise until 7:22 a. m. There are other facts to which our attention has been invited, but they are not controlling and therefore will not be mentioned.

Counsel for plaintiff in error contends that the testimony of Vanek establishes negligence on his

part directly and proximately contributing to the production of the injuries complained of. With this contention we are in accord.

Section 6310-1, General Code, so far as pertinent here, provides:

"Every motor vehicle, * * * driven upon the public highways of the state, during the period from one-half hour after sunset to one-half hour before sunrise, * * * shall display, while running, at least two lighted lamps on the forward part of such vehicle, * * * which light or lights shall in clear weather be visible at least two hundred feet in the direction in which such motor vehicle is proceeding."

This statute is mandatory and a violation thereof is negligence *per se.*

In the instant case, plaintiff testified that the lights of his automobile at the time of the accident threw their rays about 3 feet in front of his machine. Obviously he was not only driving his automobile at a place where he could not see, but was doing so, too, without the lights required by law.

In *Buddenberg* v. *Kavanagh,* 17 Ohio App., 252, this court, speaking through Judge Mauck, held:

"It is the duty of a driver of an automobile to stop his car when for any reason he cannot see where he is going."

In *Pennsylvania Railroad Co.* v. *Rusynik,* 117 Ohio St., 530, 159 N. E., 826, our Supreme Court held:

"When the view of such traveler in either direction is temporarily obscured by a passing train, smoke, steam, or dust arising therefrom, it is the duty of such traveler to defer his crossing and re-

main in a place of safety until such obstruction has passed away and a clear view is afforded."

That the driving of the automobile by Vanek at a time when he could not see directly and proximately contributed to the production of the injuries complained of is patent.

It is also most apparent from a reading of the record that the negligence, if any, of the village was not wanton or wilful, and hence not of such a character as to relieve against contributory negligence.

In *Youngstown & Suburban Ry. Co.* v. *Faulk,* 118 Ohio St., 480, 161 N. E., 530, our Supreme Court held:

"Where in an action for damages sounding in tort the testimony of the plaintiff clearly and unmistakably establishes negligence on the part of the plaintiff, directly and proximately contributing to the production of the injury complained of, and there is no evidence in the record tending to show that the negligence of the other party was wanton or willful, and hence of such a character as to relieve against contributory negligence, it is the duty of the trial court, at the close of all the evidence, to direct a verdict in favor of the defendant, and the omission so to do is prejudicial error."

Applying the rule of law enounced in the above-mentioned case to the facts in this case, as testified to by plaintiff, it becomes at once apparent that plaintiff is not entitled under the law to any relief in the premises.

Holding these views, it follows that the judgment of the court of common pleas should be reversed, and that this court should now enter the judgment which that court should have rendered.

522

*Judgment reversed and judgment for plaintiff in error.*

Hughes and Mauck, JJ., concur.

Justice and Hughes, JJ., of the Third Appellate District, and Mauck, J., of the Fourth Appellate District, sitting in place of Sullivan, Vickery and Levine, JJ., of the Eighth Appellate District.