WARE *v.* CINCINNATI NORTHERN RD. Co.

(Decided April 20, 1931.)

*Mr. C. L. Newcomer,* for plaintiff in error.
*Mr. A. L. Gebhard,* for defendant in error.

LLOYD, J. John O. Ware, as plaintiff, commenced an action in the court of common pleas against the Cincinnati Northern Railroad Company, as defendant, to recover a judgment for injuries occasioned to himself and damage to a Chevrolet one and a half ton truck, alleged to have been caused by the negligence of the railroad company.

At the close of the evidence offered by Ware the trial judge refused to direct a verdict in favor of

the railroad company, but on motion therefor did so at the close of the latter's evidence. The granting of this motion and the resulting judgment in favor of the railroad company are the alleged reversible errors now presented to this court.

The electric light and waterworks plant of the village of Bryan is located west of the tracks of the railroad company. West of and leading from the main track is a side track or switch. The westerly ends of the ties of this side track extend beyond the right of way of the railroad company and are upon municipal property, and have been so located for a long period of time. On July 22, 1930, Ware was engaged in hauling earth taken from an excavation on the village property next west of the railroad tracks for some purpose connected with the power plant. In hauling this earth, Ware testified that he drove along the west side of the railroad track between a telegraph pole, also on the property of the village, and the side track of the railroad.

At the time of the collision Ware was returning to the excavation for another load of earth. In doing so he drove easterly along the north side of the light and power building of the village, and when about twenty feet from the corner thereof turned to go north. At this point the building obstructed his view to the south, from which direction the engine and three cars came which collided with the truck. At the time of the collision the engine was backing to the north, the same direction in which Ware was proceeding. There was no one on the rear of the engine and there was evidence that no warning by bell or otherwise was given of its approach; witnesses testifying that they did not see or hear it

"until the crash." It was stated also that the engine was proceeding at a speed of about eight miles an hour. The railroad employes testified that they did not see Ware until after the collision; the engineer saying that the first he noticed was "that we had run into something and I thought that the engine was derailed," and that it is not customary to look in the direction the train is going when "we are switching cars." There were dual wheels on the rear of the truck, and Ware so drove that one of those wheels was on the westerly ties of the side track. While so driving the engine ran into the rear of the truck. Ware testified as follows:

"I drove in on the north side of the waterworks building to the switch and turned north to drive down to where we were digging. I got back half way down there and the truck gave a jump. I don't know what done it and throwed me up in the top of the cab some and cut my head and doubled the truck up and after the pieces quit flying I looked out and seen the engine turning off to one side."

He said that he did not stop, as he approached the side track, nor did he look backward to see whether a train was approaching from the south. He stated that the only time that he looked to the south was when he was making the turn to the north about 20 feet west of the northeast corner of the building, at which point he was unable to see "anything else except the wall of the building." He also stated that he did not see or hear the engine and cars until, quoting verbatim, "after I was struck there and pieces quit flying so I could see out. I seen the engine sitting there beside of me, that is the first I knew what was around."

One witness, at least, testified that prior to this accident he had seen others "drive through there occasionally," and another, describing the occurrence, stated that Ware "turned down there and the train coming backwards just hit the back end of the truck and the truck hit the telephone pole," the telephone pole being "about two-thirds of the way from where he turned to the hole where the dirt was coming out."

The railroad contends that Ware was guilty of contributory negligence as a matter of law because of his driving along the side track as he did, without looking at a place where the looking would have been effective, and cites the cases of *Detroit, T. & I. Ry. Co.* v. *Rohrs,* 114 Ohio St., 493, 151 N. E., 714; *Toledo Terminal Rd. Co.* v. *Hughes,* 115 Ohio St., 562, 154 N. E., 916; *Penna. Rd. Co.* v. *Rusynik,* 117 Ohio St., 530, 159 N. E., 826, 56 A. L. R., 538. These were all crossing cases, and, as we view it, are inapplicable to the situation shown by the evidence in the instant case. Assuredly it was the duty of Ware to exercise ordinary care, but it seems to us that the facts and circumstances presented in the record under review are such as to require submission to a jury of the question of his alleged contributory negligence. There is no evidence that the engine and cars were in sight or were approaching when he turned into the space between the light and power plant and the side track, and none that, had he then looked, it would have availed anything by way of warning. Employes of the railroad testified that the switch or side track "had been in service" for twenty or more years, and that during this period the use thereof "had been continuous and without

interruption," but other than this there is no evidence as to how frequently switching was done or cars operated thereon. It is not our understanding that, under the facts and circumstances shown by the evidence, Ware was bound as a matter of law to be on the continuous lookout for approaching danger.

The judgment is reversed, and the cause remanded to the court of common pleas for further proceedings according to law.

*Judgment reversed and cause remanded.*

RICHARDS and WILLIAMS, JJ., concur.