## COSHUN v MAUSEAU

Ohio Appeals, 1st Dist, Hamilton Co

No 5539. Decided Feb. 6, 1939

August A. Rendigs, Jr., Cincinnati, and William H. Fry, Cincinnati, for appellant.

Carl E. Basler, Cincinnati, for appellee.

## OPINION

By ROSS, PJ.

Appeal on questions of law from the court of common pleas of Hamilton County, which court affirmed a judgment of the Municipal Court of Cincinnati, in which latter court judgment was rendered in favor of the defendant, both upon the bill of particulars and the defendant's cross bill of particulars.

The notice of appeal filed by the plaintiff in the Municipal Court specifically involved appeal from the judgment of the court upon the bill of particulars of the plaintiff and the cross bill of the defendant.

The action was based upon mutual claims for damages by the plaintiff and defendant, growing out of a collision between two automobiles operated respectively by the plaintiff and defend-

ant. The collision occurred at the intersection of Highland and University Avenues in the City of Cincinnati. Highland Avenue slopes downward from south to north. University Avenue presents a gradual rise from west to east. Both streets are approximately the same width, being thirty-five (35) feet between curbs. The sidewalks are 12 feet in width. The buildings, in this closely built-up neighborhood, extend to the corners of the sidewalks.

The collision occurred after midnight when the traffic lights usually operated during the period before midnight were extinguished. There are no stop signs at the intersection, so that rights of way involved were fixed by the provisions of §§6310-28 and 6310-28a, GC, which are:

### Section 6310-28:

" 'Right of way' means the right of a vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to another vehicle approaching from a different direction into its path."

### Section 6310-28a:

"Excepting when otherwise herein provided the operator of a vehicle shall yield the right of way at the intersection of its path and the path of another vehicle to the vehicle approaching from the right."

It will be observed that these sections deal with the intersection of the "paths" of vehicles.

### Section 6310-17, GC, provides:

"Vehicles shall keep to the right side of the center or center line of the road or highway except as otherwise provided herein."

In approaching a consideration of the evidence, therefore, in this case, it must be borne in mind that the vehicle approaching from the right is required to use, in this case, the east one-half of Highland Avenue, and that the right of way to be conceded such vehicle does not become operative until the vehicle

proceeding eastwardly on University Avenue is about to cross such east one-half of Highland Avenue. The defendant then, on University Avenue, who had the right of way against vehicles approaching from his left or southwardly on Highland Avenue on the west one-half thereof, had the right to proceed out into the intersection and was only bound to so operate his vehicle that he did not interrupt another vehicle lawfully proceeding northwardly on the east one-half of Highland Avenue.

This explanation is made in that much of the evidence is devoted to what the defendant could and could not see across the corner of the building at the northwest corner of Highland and University Avenues.

It is the duty of one who is required to regulate his progress in a certain direction to so far as is ██ reasonably possible ascertain the presence of what he is required to observe from a position where this can be done effectively. There is no difference in principle in railroad crossing cases and street intersection cases as far as this rule is concerned. **Detroit, T. & I. Rd. Co. v Rohrs, 114 Oh St 493. Pennsylvania Rd. Co. v Rusynik, 117 Oh St 530. Youngstown & S. Ry. Co. v Prigosin, 53 Oh Ap 189. Williams v Judd, 8 OO 395.**

It is also apparent that one who is proceeding across an intersection under such circumstances ██ that he may be required to stop and concede a right of way must proceed at a speed sufficiently slow to permit him to stop the vehicle which he is operating promptly and thus not cross the path of the vehicle having the right of way, proceeding across his path.

The evidence disclosed that the automobile of the defendant was struck by the automobile of the plaintiff at a point in the east one-half of Highland Avenue and the south one-half of University Avenue. The automobile of the plaintiff struck the automobile of the defendant almost in the middle of the side of the vehicle. It is perfectly ob-

vious, therefore that the defendant did not concede the right of way to the plaintiff, who was proceeding north-wardly on his one-half of the street. The evidence further shows that the defendant from any point in the west one-half of Highland Avenue on University Avenue had vision southwardly on Highland Avenue for more than one city block. The defendant states he saw the plaintiff's automobile when it was 42 feet from the point where the collision occured. The evidence fails to show that the plaintiff was proceeding in an unlawful manner. It must be remembered that the presumptive limits are not positive limits of speed, and that such limits are affirmatively stated. A jury or court trying the facts might well find that a speed greater than 20 miles per hour at an early hour in the morning was not an unreasonable speed, which is the positive limitation upon speed under these circumstances.

Sec. 12603, GC, provides in part:

"No person shall operate a motor vehicle in and upon the public roads and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the road or highway and of any other conditions then existing, and no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.

It shall be prima facie lawful for the operator of a motor vehicle to drive the same at a speed not exceeding the following:

Twenty miles per hour in the business or closely built-up portions of a municipal corporation."

Certainly, if the plaintiff was proceeding at a reasonable speed the defendant could not cross the plaintiff's path without incurring liability for ensuing damages to the plaintiff, caused by a collision of automobiles operated by the parties. If the plaintiff was proceeding at an unreasonable speed, then the defendant though not required to concede the right of way (Morris v Bloomgreen, 127 Oh St 147) is certainly guilty of foolhardy conduct in proceeding into the path of such vehicle. Practically it must always be a question for the arbiter of the facts, whether court or jury, to determine whether or not the driver of a vehicle was justified by the circumstances in attempting to cross the path of another vehicle having the right of way. Distance and speed are variable factors within the common knowledge of the public at large, affecting a correct conclusion upon this issue.

Counsel for defendant correctly refers to the evidence in his brief. He states:

"When more than one-third of the way across he suddenly saw the plaintiff approaching. The time from then until the plaintiff crashed into the side of the defendant's machine was entirely too short to permit an estimate of plaintiff's speed, but the distances covered are eloquent. The emergency of plaintiff's sudden appearance, just looming up out of nowhere, photographed the scene vividly on defendant's mind. He saw the plaintiff's car silhouetted against the edge of the far wall of the corner building as it came into the shadow of the building. This building, subsequently measured, was 30 feet wide. The width of the sidewalk was another 12 feet, so when first seen plaintiff's auto was a minimum of 42 feet from the point of collision. Since the plaintiff was not driving in the gutter, though on his right side, several more feet must be added to the 42. While the defendant's car moved perhaps a scant 15 feet further into the intersection until he was almost across, plaintiff's car moved over these more than 42 feet in the same length of time."

Now the difficulty with defendant's situation is that he should not have moved the 15 feet that took him into the path of the plaintiff's automobile. He either could not stop because he was moving too rapidly, or he did not stop

because he misconceived his rights at that point. It is to us apparent that a proper regard for his own safety and the safety of the plaintiff should have required the defendant to stop, if he could, and if he could not that he was proceeding under the circumstances in a manner not authorized by law. As we have said, there is no positive evidence that the plaintiff was proceeding in an unlawful manner.

The Court apparently accepted certain inferences from the evidence as conclusive on this issue.

We are of the opinion that the common pleas court erred in affirming the judgment of the Municipal Court and that the judgment of such latter court was against the weight of the evidence upon both issues presented by the bill of particulars and the cross bill of particulars.

The judgment of the court of common pleas and that of the Municipal Court of Cincinnati are reversed and the case is remanded through the court of common pleas to the Municipal Court of Cincinnati for a new trial.

HAMILTON & MATTHEWS, JJ, concur.