Hart, J.
 

 At the close of plaintiff’s evidence and again at the close of all the evidence, The New York Central Railroad Company, hereinafter, called railroad company, and The American Pork & Hoe Company, hereinafter called the fork and hoe company, each made motions for a directed verdict in its favor, which motions were overruled.
 

 The defendants now insist that those motions should have been sustained on the grounds that there was no negligence proven against them, and that the plaintiff’s decedent was guilty of contributory negligence as a matter of law.
 

 In reviewing the record bearing upon these questions, the court will consider as proven all facts established by undisputed evidence, and will, as to disputed facts, give the evidence pertaining thereto the most favorable consideration in favor of the plaintiff.
 

 The claim of negligence against the defendant fork and hoe company is that it maintained a group of floodlights on its premises located several hundred feet west of the Austin road crossing, some of which lights were so focused that they confused and misled plaintiff’s decedent in distinguishing such floodlights from the locomotive headlight. The evidence in that respect shows that the installation of these lights was. made upon the order of the War Department of the United States soon after the beginning of World War II; that the installation was made under the super
 
 *548
 
 vision of an expert workman furnished by the Worthington Company of Cleveland, which was employed to ’ make the installation; that similar installations were made and maintained on like orders and for a like purpose at the plants of ten or twelve such manufacturing plants along the railroad between Collingwood yards in Ohio and Buffalo, New York; that, sometime after the installation was made at the fork and hoe company, certain engineers of the railroad company complained to the officers of such company and in turn complaint was made by the railroad company to the fork and hoe company that one of these lights reflected eastwardly along the railroad tracks and blinded engineers operating westbound trains on the railroad; and that the complaint was referred to the War Department whereupon that department sent a representative .who changed and masked this light so as to eliminate its glare along the railroad right of way. This all occurred some months before the accident here under consideration. There is also evidence submitted by a number of witnesses, residents of the village of Geneva, describing the presence of the lights and the fact that at night they were, reflected with brightness upon the Austin crossing. There is undisputed testimony that Woodworth, the decedent, was familiar with the existence and effect of these lights and had frequently traveled over the crossing in question at night since the installation of the lights.
 

 Under such circumstances, in the opinion of this court, there is grave doubt whether there was any evidence of negligence on the part of the fork and hoe company warranting the submission of the case against it to the jury. However, in the opinion of the court, there was no evidence to support an essential element of liability against the fork and hoe company in that there was no evidence tending to show that the presence of the lights was the proximate cause of the death of
 
 *549
 
 plaintiff’s decedent. It is true that proximate cause may be shown by circumstantial evidence, but in such cases there must be evidence of circumstances which will establish with some degree of certainty that the alleged negligent acts caused the injury oj death.
 

 The plaintiff attempts to establish proximate cause on two inferences, first, that her decedent exercised his sense of sight by looking for approaching trains before going upon the crossing in question and, second, that the lights confused his vision to such extent that even with the exercise of due care he was unable to observe the oncoming tráin in time to avoid the collision. As to the first of these inferences, the plaintiff is aided by the presumption of' due care, in the absence of evidence to the contrary, which presumption furnishes a substitute for actual evidence that the decedent exercised his sense of sight and looked for approaching trains.
 
 Maddex
 
 v.
 
 Columber,
 
 114 Ohio St., 178, 186, 151 N. E., 56;
 
 Martin, Jr.,
 
 v.
 
 Heintz,
 
 126 Ohio St., 227, 230, 184 N. E., 852;
 
 Troop A Riding Academy
 
 v.
 
 Miller,
 
 127 Ohio St., 545, 549, 189 N. E., 647.
 

 But there is no evidence direct or circumstantial that the lights blinded or confused the decedent and made it impossible for him to see the approaching train.
 
 Sobolovitz
 
 v.
 
 Lubric Oil Co.,
 
 107 Ohio St., 204, 140 N. E., 634; 20 American Jurisprudence, 169, Section 165. Because of this absolute lack of proof as to proximate cause, the motion of the defendant fork and hoe company for a directed verdict should, have been sustained.
 

 The law recognizes the fact that ordinarily, because of unalterable circumstances, railroad companies in the operation of fast-moving trains cannot be responsible for grade-crossing collisions, and that the burden of avoiding such collisions rests, for the most part, upon the operators of vehicles using such cross
 
 *550
 
 ings. This rule is made necessary because railroad trains are, in their operation, confined to fixed tracks, and, because of their weight and momentum, cannot be readily stopped within a short distance or space of time.
 
 New York, Chicago & St. Louis Rd. Co.
 
 v.
 
 Kistler,
 
 66 Ohio St., 326, 64 N. E., 130. Of course, if tracks at crossings are so poorly maintained as t^ cause a vehicle crossing them to break down or be impeded, or if crossing gates are left open, or if a driver is deceived by the signals of a crossing watchman or if the driver is otherwise misled by railroad operation, a different rule obtains.
 

 The plaintiff’s claims of negligence against the defendant railroad company are (1) the operation of its train at a high, dangerous and excessive rate of speed and (2) the failure to provide a watchman or warning lights or bells at the crossing.
 

 On the other hand, both defendants claim that plaintiff’s decedent was guilty of contributory negligence as a matter of law.
 

 The train was traveling at high speed as it passed over the crossing in question, but there was no evidence that the speed was unreasonable or not according to approved railroad practice under similar circumstances.
 
 New York, Chicago & St. Louis Rd. Co.
 
 v.
 
 Kistler, supra.
 
 The train was running on a regular schedule and it does not appear that anyone ever made complaint either to the Public Utilities Commission or to the railroad company regarding the speed maintained by this well known fast-moving train.
 

 The facts which would indicate that the railroad company was guilty of negligence in not maintaining a watchman or warning signals at this crossing are meager indeed: Austin road was a secondary road at the very eastern edge of Geneva. There was no evidence of the amount of traffic carried by this road.
 
 *551
 
 It had not been held to be a dangerous crossing, within the meaning of Section 588, General Code, giving the Public Utilities Commission power and authority to require gates, automatic alarm bells or other mechanical devices to be erected and maintained at certain railroad crossings, and power and authority to declare a railroad crossing a dangerous one and to require a flasher or watchman to be maintained for the safety of the public. On the other hand, the record shows that the railroad company had complied with the statutory requirements with reference to warning signs and the blowing of whistles. In fact, the testimony is to the effect that, because there are three such grade crossings within the village of Geneva in a distance of one and a half miles, the steam whistle was blown and the automatic bell rung continuously while the train was passing through the village. The law does not require railroad companies to place signals, gates or flashers at highway crossings unless ordered by the Public Utilities Commission, or unless such crossings are especially dangerous or there .exist special circumstances which render such precautions necessary for the public safety. None of these exceptional conditions was shown.
 
 Cleveland, C., C. & I. Ry. Co.
 
 v.
 
 Schneider,
 
 45 Ohio St., 678, 693, 17 N. E., 321.
 

 Of course, the defendant railroad company was in no way responsible for or chargeable with.any interference with vision, if any existed, through the mainte-' nance of the lights on the buildings of the fork and hoe company. However, in the view which this court takes as to the over-all situation, even if the defendant railroad company had been guilty of negligence as. charged in the petition, this court is of the opinion that the plaintiff’s decedent was guilty of negligence as a matter of law, precluding recovery from either defendant.
 

 Plaintiff’s decedent was fully cognizant of the physical surroundings of the Austin road crossing, includ
 
 *552
 
 ing the effect of the floodlights on the fork and hoe-company buildings in making observation for approaching trains at this crossing. This court has held that where the danger at a railroad crossing is' increased by conditions obstructing the vision, greater care and caution are imposed upon one about to pass over such crossing.
 
 Baltimore & Ohio Rd. Co.
 
 v.
 
 McClellan, Admx.,
 
 69 Ohio St., 142, 157, 159, 68 N. E., 816;
 
 Pennsylvania Co.
 
 v.
 
 Morel,
 
 40 Ohio St., 338. Plaintiff’s decedent was aware also of the fact that there was another available railroad crossing less than a half mile distant, where motorists were protected by tower-watchman-operated gates. After stopping his automobile at the north side of the crossing, he attempted to cross four tracks when the locomotive of the train which struck his automobile was not more than 300 or 400 feet from the crossing. The locomotive with its headlight burning brightly was, at that time, approximately half as far away from the crossing as the floodlights on the fork and hoe company buildings. That there was nothing along the right of way of the railroad company obstructing his view at that time' is demonstrated by the fact that the fireman on the locomotive observed the automobile of the plaintiff’s decedent stop or almost stop before going upon the tracks and then start up in face of the oncoming train only seconds away. Under such circumstances, it is inconceivable that with the view thus afforded together with the thundering noise which the train made as it approached the crossing, even in the presence of reflected lights located twice as far away as the train itself, plaintiff in the exercise of due care should not have discovered the train by the exercise of his senses of sight and hearing. The circumstances in the instant case are not distinguishably different, under,the law, from those in other cases where this court has
 
 *553
 
 held the motorist guilty of contributory negligence as a matter of law in driving upon a crossing in front of an oncoming train and colliding with it.
 
 Detroit, Toledo & Ironton Rd. Co.
 
 v.
 
 Rohrs,
 
 114 Ohio St., 493, 151 N. E., 714;
 
 Pennsylvania Rd. Co.
 
 v.
 
 Rusynik,
 
 117 Ohio St., 530, 159 N. E., 826, 56 A. L. R., 538;
 
 Patton, Admx.,
 
 v.
 
 Penn. Rd. Co.,
 
 136 Ohio St., 159, 24 N. E. (2d), 597;
 
 Cleveland, C., C. & I. Ry. Co.
 
 v.
 
 Elliott,
 
 28 Ohio St., 340;
 
 Pennsylvania Co.
 
 v.
 
 Rathgeb,
 
 32 Ohio St., 66.
 

 The judgments of the Court of Appeals are reversed and final judgments are awarded to the defendants.
 

 Judgments reversed.
 

 Weygandt, C. J., Turner, Matthias and Sohngen, JJ., concur.
 

 Zimmerman and Stewart, JJ., concur in the judgment as to The American Fork & Hoe Company.
 

 Zimmerman, J., dissents from the judgment as to The New York Central Railroad Company.
 

 Stewart, J., concurs in reversing the judgment as to The New York Central Railroad Company, but not in rendering final judgment for that company.