## CARTER v. PENNSYLVANIA R. CO.

No. 10733.

United States Court of Appeals
Sixth Circuit.

Feb. 21, 1949.

522

The District Judge in directing the verdict made extended remarks to the jury reviewing the evidence and carefully explaining to it and to counsel his reasons for so ruling. In his opinion, the evidence showed that the accident was the sole result of the negligence of the driver of the automobile and failed to show any negligence on the part of the appellee. We agree with his analysis of the evidence and with the ruling.

As pointed out by the District Judge, the so-called Scintilla Rule, which formerly prevailed in Ohio, is no longer the rule in that State. Hamden Lodge v. Ohio Fuel Gas Company, 127 Ohio St. 469, 189 N.E. 246.

The evidence completely failed to support the allegation in the complaint that the appellee maintained its track system approximately four feet above the level of the public roadway, causing an abrupt rise in the roadway at the point, or that the roadway at the point of crossing contained holes and was not in good repair. In any event, there was no evidence that such a condition, even if it existed, was a proximate cause of the accident. Baltimore & Ohio Rd. Co. v. Reeves, 6 Cir., 10 F.2d 329.

The evidence was not sufficient to take the case to the jury on the issue of excessive speed of the train. Under Ohio law, in the absence of a statute regulating the rate of speed of railroad trains, a train is not limited as to speed when traveling in the open country; and safety is secured to persons at public crossings by the observance of the statutory signals. New York, Chicago & St. Louis Railroad Co. v. Kistler, 66 Ohio St. 326, 64 N.E. 130; Baltimore & Ohio Rd. Co. v. Reeves, supra. The crossing, a little to the west of Roxanna, Ohio, an unincorporated village of only four homes with no railroad depot, was correctly classified by the District Judge as a crossing in the open country.

There was substantial uncontradicted testimony that the statutory signals were given. Although an attempt was made to show the contrary, appellant's evidence on this issue was merely to the effect that certain witnesses did not hear

Alex S. Dombey, of Columbus, Ohio (Herbert & Dombey, of Columbus, Ohio, on the brief) for appellant.

Hugh H. Altick, of Dayton, Ohio (Matthews & Altick, of Dayton, Ohio, on the brief), for appellee.

Before SIMONS, MARTIN and MILLER, Circuit Judges.

MILLER, Circuit Judge.

Appellant filed this action to recover damages for the death of the decedent Margie Carter, who, while riding as a passenger in an automobile, was killed in a highway crossing accident at Roxanna, Ohio. At the close of all the evidence, the District Judge directed a verdict for the appellee, from which ruling this appeal was taken.

the whistle or the bell. But such witnesses were not listening for the signals or were not in a position to hear, and would not say that the signals were not given. Such testimony was not sufficient to take the case to the jury. Patton, Adm'x, v. Pennsylvania R. Co., 136 Ohio St. 159, 162, 163, 24 N.E.2d 597.

█ The evidence failed to show any negligence on the part of the appellee in obstructing the view of the driver of the car in making the crossing. Appellee was not responsible for any trees or shrubbery not on its right of way. New York, Chicago & St. Louis R. Co. v. Kistler, supra. The driver made the crossing every day, was very familiar with it, and necessarily must have observed the three coal cars which the appellee had placed on the spur track two days before the accident. They formed no obstruction to a clear view of the main track at a distance of 26½ feet from it, in which space it was the duty of the driver to look and listen for any oncoming train before crossing. Detroit, T. & I. R. Co. v. Rohrs, 114 Ohio St. 493, 503, 151 N.E. 714. The uncontradicted evidence is that the driver attempted to make the crossing without stopping, clearly showing it to be his negligence which caused the accident. The rule of the appellee with regard to where such cars should be placed on a spur track was admissible in evidence, Cincinnati St. R. Co. v. Altemeier, 60 Ohio St. 10, 53 N.E. 300, only if relevant. There was no evidence of the conditions existing at the time when the cars were placed to make the rule applicable.

█ This ruling is not an extension of our ruling in Detroit, T. & I. R. Co. v. Yeley, 6 Cir., 165 F.2d 375, so as to result in imputing negligence of the driver of a car to a passenger therein, as contended by appellant. In the Yeley case the principle issue was the question of contributory negligence. In this case the question of contributory negligence is not involved, the District Judge correctly ruling that the negligence of the driver was not to be imputed to the passenger. But if the accident was caused solely by the negligence of the driver, and not by any negligence on the part of the railroad company, the basis for any liability is lacking, without reaching any issue of contributory negligence.

The judgment of the District Court is affirmed.