Elva E. NICE, Executrix of the Estate of John V. Nice, Plaintiff,

v.

The PENNSYLVANIA RAILROAD COMPANY, a corporation, Defendant.

Civ. A. No. 33141.

United States District Court
N. D. Ohio, E. D.

Jan. 2, 1959.

Raymond J. Finley, Akron, Ohio, for plaintiff.

Charles F. Clarke, Jr., of Squire, Sanders & Dempsey, Cleveland, Ohio, for defendant.

WEICK, District Judge.

This case involves a crossing accident.

Plaintiff's decedent was driving his truck loaded with eggs on a country road over a railroad crossing when he was struck and killed by a passenger train.

The accident happened shortly after 9:00 o'clock in the morning on a cold, clear, dry day in broad daylight.

The railroad tracks crossed the highway at grade and at an angle of 32½ degrees.

The right of way of the railroad was 125 feet wide and contained four sets of tracks. It was straight and there was a clear and unobstructed view in the direction from which the train was approaching for more than a mile from a distance on the road as far as 110 feet from the nearest rail.

There were trees to the north of the highway located about 875 feet west of the right of way, but they did not obstruct vision after passing them on the road.

The decedent had crossed over the first set of tracks and was almost over the second when he was struck by the train which was travelling from 70 to 73 miles an hour.

At the conclusion of plaintiff's evidence and at the close of all the evidence, defendant moved for a directed verdict or in the alternative for judgment, ruling on which was reserved by the Court.

The jury returned a general verdict in favor of plaintiff in the amount of $18,000.

The jury answered special interrogatories as follows:

1. Do you find that the defendant, The Pennsylvania Railroad Company, was negligent? If so, of what did it consist?

In part—They are partially negligent—Due to the traffic at this crossing the railroad could have provided more protection.

2. If your answer to Interrogatory No. 1 is "yes", then do you find that such negligence was a proximate cause of the injury to and death of Mr. Nice?

A proximate cause could have been the negligence of the defendant in not supplying automatic signal devices or watchman at the crossing.

3. Do you find that the plaintiff's decedent, Mr. Nice, was negligent? If so, of what did it consist?

Yes—in part—He was partially negligent—Mr. Nice should have exercised more caution.

4. If your answer to Interrogatory No. 3 is "yes", then do you find that such negligence contributed in any degree to cause the injury to and death of Mr. Nice?

The contributory negligence was due to Mr. Nice not exercising enough caution at the crossing.

Defendant has moved for judgment notwithstanding the verdict or in the alternative for a new trial.

The following specifications of negligence were submitted to the jury:

(1) Failing to sound a warning whistle and ring a warning bell in violation of Ohio law;

(2) Failing and neglecting to keep and maintain the crossing in a safe condition by the use of automatic signal devices or the stationing of a watchman when defendant knew said crossing to be of an unusually dangerous nature;

(3) Failing and neglecting to maintain and keep a lookout ahead to ascertain in time the approach and presence of plaintiff's decedent and

(4) Operating the train at an unreasonable and excessive rate of speed.

The Court also submitted to the jury the issue of contributory negligence.

In its answer to Interrogatories Nos. 1 and 2, the jury found that the railroad was negligent only in failing to provide more protection at the crossing and in not supplying automatic signal devices or watchman and that such negligence was a proximate cause of the accident.

This negligence was charged in Specification of Negligence No. 2.

Since the jury did not find any additional particulars of negligence, this operated as a finding in favor of defend-

ant that it was not negligent in any of the respects charged in Specifications of Negligence Nos. 1, 3 and 4. Masters v. New York Central R. Co., 147 Ohio St. 293, 70 N.E.2d 898.

■ The railroad was not bound to provide automatic signal devices or watchman at a crossing in the absence of an order from the Public Utilities Commission, if a driver exercising ordinary care should be able to avoid a collision with a train being operated over the crossing in accordance with statutory requirements. Hood v. New York, Chicago & St. Louis Railroad Co., 166 Ohio St. 529, 144 N.E.2d 104.

This issue was properly submitted to the jury and it found that the defendant was negligent. The finding is supported by abundant evidence.

The more serious question in the case relates to contributory negligence of the decedent.

■ Under Ohio law there can be no recovery if he was negligent which contributed in any degree to cause the accident. 29 Oh.Juris. 501.

The jury found, in substance, in answer to Interrogatory No. 3 that plaintiff was negligent in that he should have exercised more caution or care for his own safety.

In answer to Interrogatory No. 4 relating to proximate cause the jury found:

The contributory negligence was due to Mr. Nice not exercising enough caution at the crossing.

Plaintiff contends that the jury did not answer this interrogatory "yes" and, therefore, there is no finding on the issue of proximate cause.

■ It must be remembered that jurors are laymen and their answers to interrogatories are not to be strictly construed but on the contrary should be given a liberal construction. Elio v. Akron Transportation Co., 147 Ohio St. 363, 71 N.E.2d 707; Flusk v. Erie R. Co., D. C.N.J.1953, 110 F.Supp. 118.

The jury was instructed:

"Contributory negligence is such an act or omission on the part of the deceased amounting to a want of ordinary care as occurring or cooperating with some negligence of the defendant *as a proximate cause of the accident.*" (Emphasis added.)

■ The jury's use of the term "contributory negligence" conformed with the instructions of the Court and necessarily involved a finding of proximate cause. In effect, the jury's answer was that decedent was guilty of contributory negligence in not exercising sufficient care for his own safety at the crossing. It was equivalent to a "yes" answer.

■ The jury's answers to Interrogatories Nos. 3 and 4 are inconsistent with the general verdict and it is, therefore, the duty of the Court under Rule 49(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. to enter judgment in accordance with the answers to said interrogatories.

But defendant is also entitled to judgment on another ground.

■ Under the undisputed evidence of this case plaintiff had a clear and unobstructed view of more than a mile as he approached the crossing and at the time he drove over the first set of tracks.

Had he looked to his left he could have seen the approaching train in time to have avoided the accident which took place on the second set of tracks. It was his duty to look and listen for trains at a place which was effective. The fact that the tracks crossed the highway at an angle which would require decedent to turn his head sharply to the left and almost look backward in order to see the approaching train did not excuse him any the less from the duty to look. Price v. New York Central System, D.C., 91 F. Supp. 898.

The decedent was guilty of contributory negligence as a matter of law and there can be no recovery in this case. Detroit, Toledo & Ironton R. Co. v.

Rohrs, 114 Ohio St. 493, 151 N.E. 714; Patton v. Pennsylvania R. Co., 136 Ohio St. 159, 24 N.E.2d 597; Woodworth v. New York Central R. Co., 149 Ohio St. 543, 80 N.E.2d 142; Detroit, Toledo & Ironton R. Co. v. Yeley, 6 Cir., 165 F.2d 375.

Under the law the defendant was entitled to have judgment entered in its favor irrespective of the answers to the interrogatories under which it is entitled to judgment.

The verdict and judgment in favor of plaintiff are vacated and judgment may be entered in favor of defendant dismissing the complaint.