Francis Edward **ANDERER**, Plaintiff-
Appellant,

v.

The **BALTIMORE AND OHIO RAIL-
ROAD COMPANY**, Defendant-
Appellee.

No. 14611.

United States Court of Appeals
Sixth Circuit.

March 7, 1962.

Lawrence    Landskroner,    Cleveland,
Ohio, Lawrence Landskroner and Thomas

F. O'Malley, Cleveland, Ohio, on brief,
for appellant.

Alexander H. Hadden, Baker, Hostet-
ler & Patterson, Cleveland, Ohio, for ap-
pellee.

Before MILLER, Chief Judge, and
McALLISTER and O'SULLIVAN, Cir-
cuit Judges.

SHACKELFORD MILLER, Jr., Chief
Judge.

Appellant, Francis Edward Anderer,
was injured in a railroad crossing acci-
dent while driving a panel truck across
the tracks of the appellee at a crossing
in Elyria, Ohio, and brought this action
for damages by reason of personal in-
juries resulting therefrom. At the close
of appellant's case, the District Judge
sustained appellee's motion for a directed
verdict in its favor on the ground of
contributory negligence on the part of
the appellant as a matter of law.

Appellant's truck was traveling on
West River Road in a northeastwardly
direction. Appellee's tracks run approxi-
mately north and south. Its train was
coming from the south. From that di-
rection, its tracks intersected West River
Road at an angle of twenty-six (26)
degrees. Appellant had been over the
crossing several times, if not many times
before.

Appellant's truck was rectangular in
shape, about twenty (20) feet long, with
no window in the rear. There was a
sliding door in its right side in which
there was a roll-up window, which was
approximately two and a half feet square.
From the driver's seat it was possible to
see only slightly in excess of ninety (90)
degrees to the right rear. The truck
did not have a right hand seat, but a
trainee employee, learning the route, was
sitting on a bunch of towels about a
third of the way back.

Appellant testified that he stopped and
looked for trains on three occasions, the
third time when his truck was from ten
to fifteen feet from the nearest rail. In
making this stop, he made a "little cut
to the center of the road and attempted to

get more of an angle for more of a look down the sharp angle of the track." He leaned forward in his seat against the steering wheel and looked down the tracks to the right. He testified that this "gave me a few more feet to look down this sharp angle of the track," that he listened for a train but did not hear one, that he considered it safe in his own mind to make the crossing, that he proceeded over the crossing at a speed of about two miles per hour, that he continued to look while he was crossing the track but did not see the train coming, and that the train hit the truck well behind where he was sitting.

The evidence was uncontradicted that the track to the south on appellant's right was straight for four-tenths of a mile and that the distance to the south and right from the West River Road crossing to the next crossing at Fifteenth Street was eight hundred (800) feet. These figures demonstrate that the track was straight for approximately thirteen hundred (1300) feet south of Fifteenth Street. Although appellant declined to state how far in feet he could see down the track when he leaned forward against the steering wheel and looked, he admitted on cross-examination that it was less than half the distance to Fifteenth Street. Although there was some testimony about the existence of certain poles, vegetation and a house in the southwest quadrant of the crossing, the appellant admitted on cross-examination that these various obstacles did not constitute any serious impediment to his vision to the south along the railroad track from the point where he stopped the third time; and if there had been a train on the track they would not have prevented him from seeing it.

■ It is well settled law in Ohio that it is the duty of a driver of a vehicle upon a public highway, when approaching a grade crossing of a steam railroad, to both look and listen for approaching trains and to do so at such time and place and in such manner as will make the looking and listening effective, and that plaintiff's failure to look in an effective man-

ner constitutes contributory negligence as a matter of law. Detroit, T. & I. R. Co. v. Rohrs, 114 Ohio St. 493, 151 N.E. 714; Pennsylvania R. Co. v. Moses, 125 Ohio St. 621, 184 N.E. 8; Pennsylvania R. Co. v. Rusynik, 117 Ohio St. 530, 159 N.E. 826, 56 A.L.R. 538; Patton v. Pennsylvania R. Co., 136 Ohio St. 159, 24 N. E.2d 597; Woodworth v. N. Y. C. R. Co., 149 Ohio St. 543, 80 N.E.2d 142; Boles v. B. & O. R. Co., 168 Ohio St. 551, 156 N.E.2d 735. The rule has been applied in decisions of this Court. B. & O. R. Co. v. Joseph, 112 F.2d 518, C.A.6th, certiorari denied, 312 U.S. 682, 61 S.Ct. 551, 85 L.Ed. 1121, rehearing denied, 312 U.S. 714, 61 S.Ct. 710, 85 L.Ed. 1144; Detroit, T. & I. R. Co. v. Yeley, 165 F.2d 375, C.A.6th. See also: Price v. N. Y. C. System, 91 F.Supp. 898 (N.D.Ohio); Nice v. Pennsylvania R. Co., 168 F.Supp. 641 (N.D.Ohio).

In the Rohrs case, supra, the Supreme Court of Ohio said, "Surely it will not do for one to claim the right to recover simply because he has looked and did not see, if the conditions are such that, had he looked, he must have seen. When he says he did look, and the conditions establish the fact that anyone who looked would have seen, then, if he says he did not see, his own evidence establishes the fact that he did not look, though he may think he did."

■ It is clear in this case that there was a place of safety at which the appellant could have stopped and looked down the track before venturing on it and seen an approaching train for four-tenths of a mile, that proceeding at the rate of two miles per hour he could have stopped his truck almost instantly before going on the tracks if he had seen the train, and that he did not see the train because the view which he took down the track to his right was a very limited one due to the construction of the truck, the location of his seat in it and the angle of the intersection. Although it was possible for appellant to have looked at a time and place and in such a manner as to make the looking effective, as required by the Ohio law, he did not do so. The fact

**16**

that the intersection was at an angle does not negative the fact that there was a place and a manner at which and in which appellant could have looked and seen down the track for four-tenths of a mile if he had taken the time and trouble to do so. In our opinion, the angle at the intersection did not relieve him of the duty to do so. Price v. N. Y. C. System, supra, 91 F.Supp. 898, 901–902 (N.D.Ohio); Nice v. Pennsylvania R. Co., supra, 168 F.Supp. 641, 644–645 (N.D.Ohio); Woodworth v. N. Y. Central R. Co., supra, 149 Ohio St. 543, 552, 80 N.E.2d 142; Toledo Terminal R. Co. v. Hughes, 115 Ohio St. 562, 569, 154 N.E. 916.

The judgment is affirmed.