**E. G. ALLEN and Nationwide Mutual Insurance Company, Plaintiffs-Appellants,**

v.

**NEW YORK CENTRAL RAILROAD COMPANY, Defendant-Appellee.**

No. 18173.

United States Court of Appeals
Sixth Circuit.
July 5, 1968.

258

Richard C. Curry, Cincinnati, Ohio, for appellants.

Roy W. Short, Cincinnati, Ohio, Davis, Farley & Short, Cincinnati, Ohio, on brief, for appellee.

Before WEICK, Chief Judge, CELEBREZZE, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal from an order of the United States District Court for the Southern District of Ohio granting summary judgment to New York Central Railroad Company, defendant-appellee herein. The motion for summary judgment was submitted to the court on the pleadings, answers to interrogatories and the depositions of the plaintiff, Allen, and the witnesses to the collision which is the subject of the action. There is no genuine issue of material facts. (Rule 56(c), F.R.Civ.P.)

On November 20, 1964, at about 6:50 a.m., E. G. Allen, plaintiff-appellant,

while driving a heavily loaded tractor-trailer over a railroad crossing, in the western part of Cincinnati, was involved in a collision with a train of the defendant and suffered injuries to his person and damage to his tractor and trailer. Plaintiff-appellant, Nationwide Mutual Insurance Company, is the insurance carrier for Allen.

There are four railroad tracks at this crossing running in an east and west direction. The two southernmost tracks are owned by the Baltimore and Ohio Railroad and the two northernmost ones are owned by the New York Central Railroad, defendant herein. There is a space of about fifty feet between the tracks of the two railroads.

Immediately preceding the collision Allen had fully loaded his trailer, which was a tanker, at River Transportation Company. He then proceeded in a northerly direction to cross the tracks of the two railroads. As he was crossing the tracks, he was struck by a train which was approaching from the east on the westbound or northerly track of the defendant New York Central Railroad.

In granting summary judgment, the district judge properly assumed that, at a trial, there would be sufficient evidence of negligence of the defendant to present an issue to be submitted to the jury. The controlling question on this appeal is whether the plaintiff, Allen, was guilty of negligence as a matter of law which contributed to his injuries and damage.

Allen testified in his deposition in answer to questions: "I looked both ways before I ever started; then I got to watching traffic more;" that he did not look to his left or right as he crossed the second set of tracks; that before entering upon the third set of tracks "I always keep looking for everything. But I don't know what I did at the time. I don't know. I sure don't;" that he didn't know whether he looked to his left or right upon entering the last set of tracks and that he didn't know whether

he looked any place other than the traffic on River Road.

■ There was a clear view far enough to the east, the direction from which the train was coming, that had the plaintiff looked effectively he could have seen the train far enough away to have stopped in a place of safety before entering upon the track in front of the train. The law of Ohio, applicable here, (Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188) defining the duty of the driver of a vehicle at an unobstructed railroad crossing is stated in Detroit, Toledo & Ironton Rd. Co. v. Rohrs, 114 Ohio St. 493, 500, 151 N.E. 714, 716 as follows:

> "This duty has been defined many times by this court and by many other courts, and it is that the traveler must look and listen for the approach of trains before crossing, and furthermore that he must look and listen at a place and in a manner that will make the looking and listening effective."

and at 502, 151 N.E. at 717:

> "Surely it will not do for one to claim the right to recover simply because he has looked and did not see, if the conditions are such that, had he looked, he must have seen."

See also Railroad Co. v. Kistler, 66 Ohio St. 326, 64 N.E. 130; Toledo Terminal Rd. Co. v. Hughes, 115 Ohio St. 562, 563, 154 N.E. 916; Pennsylvania Rd. Co. v. Rusynik, 117 Ohio St. 530, 159 N. E. 826, 56 A.L.R. 538; Patton v. Pennsylvania Rd. Co., 136 Ohio St. 159, 24 N.E.2d 597; Woodworth v. New York Cent. Rd. Co., 149 Ohio St. 543, 80 N.E. 2d 142; Boles v. Baltimore & Ohio Rd. Co., 168 Ohio St. 551, 156 N.E.2d 735; North v. Pennsylvania Rd. Co., 9 Ohio St.2d 169, 224 N.E.2d 757 (Summary Judgment); Baltimore and Ohio Railroad Co. v. Joseph, 112 F.2d 518 (C.A. 6) cert. den. 312 U.S. 682, 61 S.Ct. 551, 85 L.Ed. 1121, rehearing den. 312 U.S. 714, 61 S.Ct. 710, 85 L.Ed. 1144; Carter v. Pennsylvania Rd. Co., 172 F.2d 521 (C.A. 6); Detroit, T. & I. R. Co. v. Yeley, 165 F.2d 375 (C.A. 6); Newcomb v. Baltimore and Ohio Railroad Company, 352 F.2d 406 (C.A. 6).

Baltimore and Ohio Railroad Company v. Henery, 235 F.2d 770 (C.A. 6), is not in point. It can be distinguished on the facts. The Court held that there was no point of safety before entering upon the tracks from which an approaching train could be observed far enough away to enable the driver of a motor vehicle to safely cross the tracks ahead of the train.

■ We conclude that the answers to interrogatories and the depositions of the plaintiff and other witnesses show that the plaintiff was guilty of negligence as a matter of law which contributed to the proximate cause of the collision and that there was no genuine issue of fact on this question.

The judgment of the District Court is affirmed.