Kinkade, J.
 

 This is an action for the recovery of damages covering personal injuries sustained by a collision of two automobiles at an intersection of the Buffalo and Erie highway and a street or lane known as McKinley street, at the hour of about 7:45 p. m. on May 18, 1925, and about two miles east of the town of Westfield, in the state of New York. Both cars were traveling eastward on the Buffalo and Erie highway. The lead car, a Ford roadster, was being driven by its owner, Walter Tucker, and riding with him in the car as a guest was the defendant in error, Louis Bourne, the injured party, who brought this action at Toledo, Ohio, the home of Edward H. Rehklau, the owner of the other car, a Cadillac sedan, driven by his wife, and with his knowledge and consent, but not in furtherance of any business of his. Riding with the driver of the Cadillac car was a guest by the name of Mildred Hipp. A statute of the state of New York made the owner of an automobile jointly and severally liable with the driver of the car for any injuries negligently inflicted upon another while the car was so being driven with the consent of the owner.
 

 The negligence charged by Bourne was that the Cadillac car was being driven at a high and dangerous rate of speed, to wit, about 50 miles per hour; that the driver of that "car negligently failed to keep it under proper control; that the driver of the Cadillac car attempted to pass the Ford car on the left-
 
 *496
 
 hand side as the Ford car was turning to the left into McKinley lane, without giving any warning or signal by whistle or otherwise to the occupants of the Ford car that the passing was about to be accomplished.
 

 The driver of the Cadillac car denied all acts of negligence charged,' and averred that the collision was occasioned solely by reason of the negligence of the driver of the Ford car in suddenly turning his car to the left immediately in front of the Cadillac car, without giving any signal or warning that he intended so to do, as it attempted to pass the Ford car after giving to the occupants of the Ford car the usual and proper signal by horn of such passing so about to be made. The driver of the Cadillac car averred that this action on the part of the driver of the Ford car made a collision entirely unavoidable.
 

 Bourne was seriously injured as a result of the collision.
 

 At the close of all the evidence, the defendants moved the court for a directed verdict in their favor. This motion was overruled, and exceptions saved. The jury returned a general verdict in fav- or of the- defendants, upon which judgment was entered. Bourne prosecuted error to the Court of Appeals. That court reversed the judgment of the trial court upon the sole ground that prejudicial error had occurred against Bourne by the admission in evidence of statements made by Tucker, the driver of the Ford car, to Williams, a witness for the defendants below, shortly after the collision, to the effect that the collision had been caused by the fault of Tucker in not giving a signal by putting out his arm to indicate that he intended to turn to the left
 
 *497
 

 into
 
 McKinley lane. The Court of Appeals found affirmatively, and so stated in its journal entry of reversal, that there was no other prejudicial error in the record.
 

 The evidence in behalf of Bourne in support of the charge of negligence against the driver of the Cadillac car, and the evidence in behalf of the driver of the Cadillac car in support of the denial of such negligence, was very conflicting. Upon consideration of the evidence upon' that issue, the jury might have found either way, and in either event the trial court could not have properly set the verdict aside as being manifestly against the evidence. Evidently that was the view of the Court of Appeals, and it is the view of this court as well, after a careful examination of that evidence. By its general verdict the jury decided that issue in favor of the defendants. There is no dispute in the record upon the question- whether the driver of the Ford car made the left-hand turn without giving any signal to following cars .that he intended so to do. Neither Tucker nor Bourne, in their testimony, claimed that any signal was given by Tucker of intention to make the left-hand turn. On the contrary, they each testified that no such signal was necessary, because each had looked back through the window in the back of the Ford car, and saw that the Cadillac car was far enough away, to wit, 400 feet, and on that account they knew they had ample time to make the left-hand turn in safety without giving any signals of their intention so to do. Under the evidence upon this question, the jury must have found that neither Tucker nor Bourne gave any signal of their intention to make the left-hand turn before they made it,
 
 *498
 
 or while they Avere making it. Bourne knew that Tucker was going to make this turn, because they were going to a point on the lake that could only be reached by making this turn into McKinley lane. Both of them Avere entirely familiar with the situation.
 

 The evidence showed that Tucker was driving about 20 miles per hour, and that the turn was made without any slackening of the speed of the Ford car.
 

 Bourne testified that he had his OAvn safety in mind, and that was the reason he looked back immediately after Tucker had looked back, to see if any following car was near' or about to pass, and, being thus assured that there Avas none, he said nothing to Tucker about giving the signal by extending his arm out of the car. Bourne stated that he was an experienced driver of automobiles himself, and that, when driving, he did not like to be dictated to by some one else in the car, and that that was the reason, coupled with the fact that he saw no danger from the rear, for his saying nothing to Tucker about giving a signal before making the left-hand turn.
 

 Both plaintiff and defendants set forth in their respective pleadings the same statutory provisions of the state of New York, requiring signals to be given by one car passing another, or by the driver of any car turning to the left at a crossing intersection. Each alleged that the other failed to comply with the requirements of the law in this respect.
 

 Before argument, Bourne presented to the court an instruction to the jury to the effect that negligence on the part of Tucker could not be attributed to Bourne, and requested that this instruction be
 
 *499
 
 given to the jury before argument, and it was so given before argument, and no exception was taken to this action of the court. It was freely conceded by the defendants that the negligence of Tucker could not be attributed to Bourne. The trial court made this fact very clear to the jury.
 

 The only question that need be decided here is whether the admission of the conversation between Williams, a witness for the defendants, and Tucker, a witness for the plaintiff, immediately after the accident, constituted prejudicial error. Before this conversation between Williams and Tucker thus offered was received in evidence, the guest who was riding in the Cadillac car had testified, without objection from the plaintiff, to like statements made by Tucker in her presence, immediately after the accident. This testimony was offered by the defendants in the trial court, on the ground that the statements of Tucker were part of the
 
 res gestae.
 
 We think the statements that were made by Tucker were near enough to the time of the accident so they might well be considered a part of the
 
 res gestae;
 
 but, even if that were not so, they were fully competent as tending to weaken or discredit the statements of Tucker that he looked back and saw the Cadillac car 400 feet away, just before he attempted to make the left-hand turn. This statement tended to establish the fact that neither party in the Ford car looked back, as they stated they did, before making the left-hand turn.
 

 In view of the fact that the trial court plainly and definitely instructed the jury that negligence of Tucker could not be attributed to Bourne, it is difficult, indeed, to see how any admission on the part
 
 *500
 
 of Tucker that lie had been guilty of negligence could possibly operate as a prejudice against Bourne. If both Tucker and tbe defendants were guilty of negligence, and Bourne himself was not guilty of negligence, he could recover from both of either. Tucker was a witness called by Bourne, and Bourne relied upon Tucker’s testimony, corroborating his own, to sustain the position that the Cadillac car was 400 feet back when they attempted to make the left-hand turn into McKinley lane. The defendants had a right to show that this testimony was not consistent with statements made by Tucker immediately following the collision.
 

 ■ The fact, not in dispute, that the left-hand turn from the highway 16 or 18 feet wide, was made by the Ford car traveling at a speed of 20 miles an hour, and that the Ford car was struck by the Cadillac car while the rear right wheel of the Ford car was still on the paved portion of the highway, cannot well be reconciled with the fact, testified to by Tucker and Bourne, that the Cadillac car was in fact 400 feet to the rear when the driver of the Ford car attempted to make the left-hand turn.
 

 We think the statements of Tucker, as testified to by Williams and Miss Hipp, were competent, and the admission of this evidence did not constitute prejudicial error against Bourne.
 

 The judgment of the Court of Appeals will be reversed and that of the common pleas affirmed. -
 

 Judgment reversed.
 

 Maeshall, C. J., Day, Allen, Robinson, Jones and Matthias, JJ., concur.