**299 P.2d 837**

**Richard WHIPPLE, d/b/a Whipple Plumbing and Heating Company, Plaintiff and Respondent,**

**v.**

**Harold FULLER, Defendant and Appellant,**

**Don C. Christensen, Third-Party Defendant and Respondent.**

**No. 8409.**

Supreme Court of Utah.

July 5, 1956.

Forrest W. Fuller, Jed W. Shields, Salt Lake City, for Don C. Christensen.

Morris D. Young and Robert B. Hansen, Salt Lake City, for respondent.

WORTHEN, Justice.

Appeal from a judgment denying appellant's motion for nonsuit against respondent; and from a judgment entered in favor of respondent and against appellant.

Appellant Harold Fuller entered into a contract with third-party defendant, Don C. Christensen, a general contractor, for the remodeling of Fuller's home for the agreed price of $5,770. Appellant did not require Christensen to furnish bond pursuant to the provisions of Sections 14–2–1 and 14–2–2, Utah Code Annotated, which provide:

"14–2–1. The owner of any interest in land entering into a contract, involving $500 or more, for the construction, addition to, or alteration or repair of, any building, structure or improvement upon land *shall, before any such work is commenced, obtain from the contractor* a bond in a sum equal to the contract price, with good and sufficient sureties, conditioned for the faithful performance of the contract and prompt payment for material furnished and labor performed under the contract * * * and any person who has furnished materials or performed labor for or upon any such building, structure or improvement, payment for which has not been made, shall have a direct right of action against the sureties upon such bond for the reasonable value of the materials furnished or labor performed, not exceeding, however, in any case the prices agreed upon; * * *."

"14–2–2. Any person subject to the provisions of this chapter, who shall fail to obtain such good and sufficient bond, or to exhibit the same, as herein required, *shall be personally liable to all persons who have furnished materials or performed labor under the contract for the reasonable value of such materials furnished or labor performed,* not exceeding, however, in any case the prices agreed upon." (Emphasis added.)

However, Don Christensen did agree in writing to save the appellant Fuller harmless from any claims of laborers or materialmen arising out of the remodeling of the Fuller home.

On June 3, 1951, respondent, Richard Whipple, entered into a written subcontract agreement with the general contractor, Christensen, whereby Whipple agreed to alter, furnish and install certain plumbing fixtures in the Fuller home for $1,513.

The job was completed and defendant Fuller paid Christensen, the general contractor, in full. Christensen went bankrupt and failed to pay respondent under the subcontract. Whipple brought action directly against Fuller in order to recover the reasonable value of his labor and materials.

Respondent was a licensed journeyman plumber, but he was not a licensed con-

tractor as defined by Section 58–6–1, Utah Code Annotated, 1953. That section provides:

"It shall be unlawful for any person, firm, copartnership, corporation, association, or other organization, or any combination of any thereof, to engage in the business or act in the capacity of contractor within this state without having a license therefor as herein provided * * *."

Appellant contends that respondent is barred from any recovery because of his failure to comply with the foregoing section. This contention is without merit.

Whether a subcontractor is licensed or unlicensed, we believe, will not bar his right to sue on a bond or directly against the owner who fails to require a bond as required by the statute herein mentioned. There is little doubt that the statutory requirement to obtain such a license before engaging in a trade is a police regulation for the protection of the public. The respondent was qualified as evidenced by his being a licensed journeyman plumber. It should be further observed that the subcontractor contracted with a licensed general contractor. If the licensed contractor is liable to the subcontractor [1] Whipple, there is no reason why the owner who employed the general contractor to do the

work and who gained the benefit thereof should not be liable. This is particularly true when we consider the fact that the owner could have avoided any personal obligation had he himself complied with section 14–2–1, supra.

The purpose of requiring a bond was stated by this court in Liberty Coal and Lumber Co. v. Snow,[2] as follows:

"The purpose of the statute is to prevent the owners of land from having their lands improved with the materials and labor furnished and performed by third persons, and thus to enhance the value of such lands, without becoming personally responsible for the reasonable value of the materials and labor which enhances the value of those lands. The owner may, however, escape personal liability by obtaining the bond required by the statute."

For appellant to escape liability on "the failure to be licensed theory" would subvert the theory of the law. As the California court said in Matchett v. Gould:[3]

"* * * recovery can be had upon the contract in the absence of a license when equity and good conscience dictate such relief as an alternative to a judgment which would convert a law intended 'for the safety and protection of the public' into 'an unwarranted·

1. Dow v. United States, for Use and Benefit of Holley, 10 Cir., 154 F.2d 707, 710.
2. 53 Utah 298, 178 P. 341, 343.
3. 131 Cal.App.2d 821, 281 P.2d 524, at page 529.

shield for the avoidance of a just obligation.' "

It was observed by the Federal Circuit Court for the Tenth Circuit in considering our licensing statute:[4]

"Neither these statutory provisions nor any others called to our attention provide in express language that a contract employing an unlicensed contractor to perform services falling within the field of his trade shall be unenforceable. * * *"

We believe there is a further cogent reason why appellant's contention must fail. Sections 14–2–1 and 14–2–2 set out herein are remedial and intended to afford protection and relief to one furnishing labor and material. The position contended for by appellant would render those sections impotent. They provide that *any person* who has furnished materials or performed labor for or upon any such building etc. shall have a direct right against the sureties upon the bond, and further provide that if the owner defaults in requiring the bond, such owner shall be personally liable to *all persons* furnishing materials or performing labor. There is no limitation in the statute on the language used. Unlicensed contractors or subcontractors are not exempted from its benefits. For us to limit the meaning of "any person" in Section 14–2–1 and "all persons" in Section 14–2–2 to those persons who comply with the requirements of Section 58–6–1, supra, would be a judicial change of what we believe to be the clear legislative intent in the enactment of Title 14, U.C.A. 1953. We see no reason for or justification to exclude respondent from the protection of Sections 14–2–1 and 14–2–2, supra.

Affirmed. Costs to respondent.

McDONOUGH, C. J., and WADE, J., concur.

CROCKETT and HENRIOD, JJ., concur in the result.

---

4. Dow v. United States, for Use and Benefit of Holley, supra [154 F.2d 710].