299 F.2d 837
 Reb GREEN, Adm'r, of the Estate of Wanetta Green, Deceased,
Plaintiff-Appellant,
v.
BALTIMORE & OHIO RAILROAD COMPANY, Defendant-Appellee.
Edna SHEPHERD, Adm'x of the Estate of Richard Shepherd,
Deceased, Plaintiff-Appellant,
v.
BALTIMORE & OHIO RAILROAD COMPANY, Defendant-Appellee.
 Nos. 14622, 14623.
 United States Court of Appeals Sixth Circuit.
 March 5, 1962.
 
 William C. Wines, Chicago, Ill., George H. Fell, Toledo, Ohio, Graham & McElligott, Chicago, Ill., on brief, for appellants.
 John W. Hackett, Jr., Toledo, Ohio, Gosline, Shumaker, Loop & Kendrick, Toledo, Ohio, on brief, for appellee.
 Before MILLER, Chief Judge, and McALLISTER and WEICK, Circuit Judges.
 PER CURIAM.
 
 
 1
 In an action against the appellee railroad company for negligence resulting in the death of appellants' decedents, caused by a collision between the automobile of one of the decedents and a locomotive, at a grade crossing, it was claimed by appellants that the railroad company was negligent because of failure to sound the engine whistle before passing over the crossing, as required by statute; and that such negligence was the proximate cause of the collision and resulting deaths and damages.
 
 
 2
 The applicable statute is Title 49, Revised Code of Ohio, Section 4955.32, which provides:
 
 
 3
 'Every company shall attach to each locomotive engine passing upon its railroad a bell of the ordinary size in use on such engines and a steam or compressed air whistle. When an engine in motion and approaching a turnpike, highway, or street crossing or private crossing where the view of such crossing is obstructed by embankemnt, trees, curve, or other obstruction to view, upon the same line with the crossing, and in like manner where the railroad crosses any other traveled place, by bridge or otherwise, the engineer or person in charge of such engine shall sound such whistle at a distance of at least eighty and not further than one hundred rods from such crossing and ring such bell continuously until the engine passes the crossing.'On the trial, appellants sought to show by a witness, George Wright, who, according to his testimony, had stopped his own automobile at a point which he estimated to be 180 to 210 feet from the place of the collision, that no whistle was sounded by the locomotive prior to the accident. The witness testified that he had stopped his car in order to fix his windshield wipers; that just before he got out of his car to do so, he heard a crash; that at that time the window of his car was open; that he later saw the red light of an ambulance flashing by, and that he followed the ambulance and came to the place where he saw the wrecked car and the two bodies. Mr. Wright, on direct examination, testified as follows:
 
 
 4
 'Q. Before you heard the crash was there any sound of a railroad train whistle, horn or bell?
 
 
 5
 'Mr. Hackett: Objection.
 
 
 6
 'The Court: Objection sustained.
 
 
 7
 'Answer: I didn't hear no,--
 
 
 8
 'The Court: (Interposing) Just a minute. Don't answer. Counsel, You have not pleaded that in your Petition. You have not alleged that any place, at no time.
 
 
 9
 'Mr. Graham: If I may look at it a minute, Judge.
 
 
 10
 'The Court: Yes.
 
 
 11
 'Mr. Graham: I would like to amend.
 
 
 12
 'The Court: I would not permit that at this time. You have had weeks and months to do that.'
 
 
 13
 Counsel, at this point, asked to make a statement to the court outside the presence of the jury, which the court permitted. Counsel then stated that he observed tht the allegation regarding any signals, as such, was absent from the complaint; that he had spoken with Mr. Wright, the witness, for the first time that morning and it was not until his testimony had just been given that he discovered the evidence in question. The court replied that there was no excuse for that, because the plaintiffs' answers to the interrogatories had been filed for a considerable time, in which Mr. Wright was listed as one of the witnesses; that there had been a pretrial conference weeks before and that if there had been any desire to amend the pleadings at that time, such a request should have been expressed, so as to give the opposing party ample time to analyze his case; that there had been no indication whatever from plaintiffs' pleading that they expected to charge that there was any negligence on the part of the railroad in failing to sound the whistle; and to allow counsel to amend at that point would have been wrong.
 
 
 14
 Counsel for appellants then informed the court that they would have alleged negligence in failing to sound the whistle, if they had known that that was what Mr. Wright would testify to. The court then repeated that he would not permit them to go into that question; but he would allow counsel to make the offer of proof that Mr. Wright, if permitted, would testify that no bell, whistle, or horn was sounded immediately prior to the accident. Upon counsel's request to amend the allegations of his petition, the court stated that counsel could make the offer, but that so far as the Ohio decisions were concerned, even if he made such proof it would be unavailing because the witness was not in a position where he was listening so that he might hear a whistle sounded or a bell rung, and therefore it would be negative testimony under the Ohio decisions. The court then stated that it would not permit the amendment because it would change the character of the case.
 
 
 15
 Rule 15(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides as follows:
 
 
 16
 'When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.'
 
 
 17
 Under the foregoing Rule, we are of the opinion that the court should have granted the amendment sought by appellee.
 
 
 18
 It is our conclusion that the proffered testimony would have made a case for the jury. The instant case is to be distinguished from Clark v. Baltimore & O.R. Co., 196 F.2d 206 (CA 6), which held that certain negative testimony was not sufficient to present to the jury the question as to whether certain signals were given by an engine approaching a crossing. In that case the witness, who was the plaintiff, was a passenger in the back seat of the automobile involved in the accident. She testified that she was talking with other girls in the car and was paying no attention to the approach of the automobile to the crossing. She testified that she heard no whistle signal, but that probably she would have heard one if it had been sounded. Where it appears that the witnesses were not listening to hear such signals, or not paying attention as to whether they were given or not, testimony that they heard no signals was held to be negative evidence and insufficient to present a jury question.
 
 
 19
 In this case, appellants' witness testified that he heard the collision, and the proffered testimony was he would testify that no bell, whistle, or horn was sounded immediately prior to the accident. We are of the view that the fact that the witness heard the crash, and that his proffered testimony was that he did not hear a bell, whistle, or horn, just before the crash, presented a jury question as to whether such signals were given by the appellee, and does not partake of the character of negative evidence that was held insufficient to present such question in Clark v. Baltimore & O.R. Co., supra. The only question before the jury was that of appellee railroad's negligence, as, under Ohio law, the contributory negligence of a plaintiff must be affirmatively proved, and this question never reached the jury.
 
 
 20
 In accordance with the foregoing, the judgment entered on the directed verdict in favor of appellee is set aside, and the case in remanded for a new trial.