Clarence D. ERNST, Plaintiff-Appellee,

v.

The BALTIMORE & OHIO RAILROAD COMPANY, Defendant-Appellant.

No. 15096.

United States Court of Appeals Sixth Circuit.

May 7, 1963.

Jay C. Brownlee, Youngstown, Ohio (Jay C. Brownlee, of Harrington, Huxley & Smith, Youngstown, Ohio, on the brief), for appellant.

David M. Sieman, Warren, Ohio (Sieman, Sieman & Sieman, David Sieman, Warren, Ohio, on the brief), for appellee.

Before MILLER and WEICK, Circuit Judges, and WILLIAM E. MILLER, District Judge.

WEICK, Circuit Judge.

Plaintiff recovered a verdict and judgment in the District Court for personal

injuries sustained by him in a collision between defendant's train and an automobile in which he was riding. The accident occurred in broad daylight at a crossing on private property owned by Copperweld Steel Company near Warren, Ohio.

Plaintiff and the driver of the automobile in which he was riding were employees of Copperweld. They had finished their work and were leaving the plant for their homes at the time of the accident.

The private road on which the automobile was proceeding had four lanes and was intersected at right angles by two tracks of the railroad. Flasher lights were located on both sides of the tracks and were operating at the time of the accident. The automobile passed over the first tracks and was struck by the train as it was proceeding over the second tracks.

Negligence was alleged against the railroad in (1) operating at an excessive speed, (2) failing to operate its flasher lights and (3) failing to give any signal by whistle or bell.

The railroad defended on the grounds that it was not negligent and that the collision was caused by the negligence of both the plaintiff and the driver of the automobile. The only errors pointed out here are that the District Court erred in denying the railroad's motions for directed verdict and for judgment notwithstanding the verdict.

■■ In our opinion, there was no evidence to support the claim of the train's excessive speed. The undisputed evidence showed that the flasher lights were in fact operating at the time of the accident. Plaintiff's only evidence with respect to the flasher lights was that he and the driver could not see them because the sun was shining in their eyes.

There was conflicting evidence on the issue whether the railroad rang the bell or blew the whistle when the train was approaching the crossing. The railroad offered positive testimony that it did sound the whistle and ring the bell.

Plaintiff's witnesses testified that they did not hear either the whistle or the bell. Plaintiff testified that he put the window of the car down to see if a train was coming and was also listening. The driver testified that he did not hear either whistle or bell. Donald Howard, who was driving his truck behind the car in which plaintiff was riding, testified that he did not hear either whistle or bell and that the windows of his truck were up. He also admitted that he was not listening particularly for a whistle or bell. Charles Beard did not hear either whistle or bell although the car he was driving was only 25 to 50 feet from the tracks. One of the windows of his car was down.

The railroad argued that its proof as to the ringing of the bell and sounding the whistle was positive whereas the evidence of plaintiff's witnesses was negative. It claimed that this negative testimony did not make a disputed issue of fact, relying on Clark v. Baltimore & Ohio Railroad Co., 196 F.2d 206 (C.A. 6).

In Hood v. New York, Chicago & St. Louis R. Co., 166 Ohio St. 529, 144 N.E. 2d 104, the Supreme Court of Ohio held that negative testimony of a driver should be given some weight where he testified that he listened for a train at a place where he should have been able to hear the bell and whistle. To the same effect see: Green v. Baltimore & Ohio R. Co., 299 F.2d 837 (C.A. 6).

In Diebley v. New York, Chicago & St. Louis R. Co., 108 Ohio App. 381, 162 N.E.2d 142, motion to certify overruled June 10, 1959, an Ohio Appellate Court applied the same rule to negative testimony of plaintiff's witnesses who were in a reasonable position to hear, but were not consciously listening.

■ We think that the testimony of plaintiff and his witnesses, particularly Bailey and Beard, was sufficient under Ohio law to require submission of the issue to the jury.

■ There remains the issue of contributory negligence. There was no

question but that the driver of the automobile was *guilty of negligence as a matter of law.* Boles v. Baltimore & Ohio Railroad Co., 168 Ohio St. 551, 156 N.E.2d 735; Detroit, Toledo & Ironton Railroad Co. v. Yeley, 165 F.2d 375 (C.A. 6).

Under Ohio law, however, the driver's negligence could not be imputed to his passenger. Rehklau v. Bourne, 118 Ohio St. 494, 161 N.E. 534; Davis, Admx. v. New York Central R. Co., 104 Ohio App. 497, 150 N.E.2d 477 (motion to certify overruled June 19, 1957); 6 O.Jur.2d, Automobiles § 326 p. 585.

The plaintiff did not know how to drive an automobile and had ridden with the driver for about 200 feet when the collision occurred. We think that under the circumstances reasonable minds could differ as to whether plaintiff was contributorily negligent. The District Court was correct in submitting this issue to the jury.

The judgment of the District Court is affirmed.

Van Pelt, District Judge, dissented.