337 F.2d 673
 Reb GREEN, Admr. of the Estate of Wanetta Green, Deceased,
Plaintiff-Appellant,
v.
BALTIMORE & OHIO RAILROAD COMPANY, Defendant-Appellee.
Edna SHEPHERD, Admx. of the Estate of Richard Shepherd,
Deceased, Plaintiff-Appellant,
v.
BALTIMORE & OHIO RAILROAD COMPANY, Defendant-Appellee.
 Nos. 15328, 15329.
 United States Court of Appeals Sixth Circuit.
 Oct. 30, 1964.
 
 William C. Wines, Chicago, Ill., George H. Fell, Toledo, Ohio, Errett O. Graham, John A. McElligott, Chicago, Ill., on brief, for appellants.
 John W. Hackett, Toledo, Ohio, Shumaker, Loop & Kendrick, Robert B. Gosline, Toledo, Ohio, on brief, for appellee.
 Before MILLER and PHILLIPS, Circuit Judges, and McALLISTER, Senior Circuit Judge.
 SHACKELFORD MILLER, Jr., Circuit Judge.
 
 
 1
 Reb Green, as administrator of the Estate of his deceased daughter, Wanetta Green, and Edna Shepherd, as administratrix of the Estate of her deceased husband, Richard Shepherd, brought these separate actions in the District Court, which were later consolidated, to recover under the law of Ohio for the death of the respective decedents resulting from a collision between an automobile being driven by the decedent Shepherd, in which the decedent Wanetta Green was a passenger, and a locomotive of the appellee, Baltimore & Ohio Railroad Company, at a grade crossing in Ohio. At a trial in the District Court the District Judge directed a verdict for the defendant.
 
 
 2
 The transcript of the evidence shows that the plaintiffs offered the evidence of a witness, George Wright, who, the plaintiffs stated, would testify, if allowed to do so, that he was in the vicinity of the grade crossing at the time of the accident, that he heard the crash but that he did not hear a bell, whistle or horn just before the crash. The District Judge sustained an objection to this testimony for the reason that the plaintiffs had not relied on this ground in their complaints. He also denied plaintiffs' motion to amend the complaint so as to include as a ground for liability the failure of the defendant to give such signals. In the absence of any other evidence showing negligence on the part of the defendant, the District Judge directed verdicts for the defendant.
 
 
 3
 On appeal, this Court was of the opinion that the District Judge should have permitted the plaintiffs to amend their complaints. This Court was also of the opinion that the proffered testimony would have made a case for the jury. The opinion states: 'In this case, appellants' witness testified that he heard the collision, and the proffered testimony was he would testify that no bell, whistle, or horn was sounded immediately prior to the accident. We are of the view that the fact that the witness heard the crash, and that his proffered testimony was that he did not hear a bell, whistle, or horn, just before the crash, presented a jury question as to whether such signals were given by the appellee, and does not partake of the character of negative evidence that was held insufficient to present such question in Clark v. Baltimore & O.R. Co. (196 F.2d 206, C.A.6th, cert. denied, 344 U.S. 830, 73 S.Ct. 36, 97 L.Ed. 646), supra. * * *' The judgments entered on the directed verdicts in favor of the defendant were reversed and the cases were remanded for a new trial. Green v. Baltimore & Ohio Railroad Company, 299 F.2d 837, C.A.6th.
 
 
 4
 At the second trial, which is now being reviewed on this appeal, George Wright was again offered as a witness and, in view of the ruling on the first appeal, was allowed to testify.
 
 
 5
 However, the District Judge again directed verdicts in favor of the defendant. From the judgments entered on such directed verdicts the present appeals are taken.
 
 
 6
 In the first trial of this case it was strongly contended by the appellee that so-called negative testimony of the kind offered by the witness Wright was not sufficient to take the case to the jury on the issue of negligence, when such testimony was met by positive evidence to the contrary, such as uncontradicted testimony by those operating the engine, as in the present case, that the bell was ringing and the whistle was blowing. Clark v. Baltimore & O.R. Co., supra, 196 F.2d 206, C.A.6th, cert. denied, 344 U.S. 830, 73 S.Ct. 36, 97 L.Ed. 646. In passing on the appeal from the judgment in that trial we rejected that contention. See also: Hood v. New York, Chicago & St. Louis Rd. Co., 166 Ohio St. 529, 144 N.E.2d 104; Ernst v. Baltimore & Ohio Railroad Co., 316 F.2d 856, 857, C.A.6th, which were not cited in the opinion in that case. Such ruling constitutes the 'law of the case,' which is to be applied in the second trial. General American Life Ins. Co. v. Anderson, 156 F.2d 615, 618-619, C.A.6th; Henderson v. United States, 218 F.2d 14, 16, 50 A.L.R.2d 754, C.A.6th, cert. denied, 349 U.S. 920, 75 S.Ct. 660, 99 L.Ed. 1253, rehearing denied, 349 U.S. 969, 75 S.Ct. 879, 99 L.Ed. 1290; Hildreth v. Union News Company, 315 F.2d 548, 550, C.A.6th, cert. denied, 375 U.S. 826, 84 S.Ct. 69, 11 L.Ed.2d 59.
 
 
 7
 Appellee recognizes this rule, but contends that the rule is not applicable when the evidence in the second trial is not substantially the same as that offered or received in the first trial, which it contends was the situation in the second trial. Carpenter v. Durell, 90 F.2d 57, 58-59, C.A.6th, cert. denied, 302 U.S. 721, 58 S.Ct. 42, 82 L.Ed. 557.
 
 
 8
 In support of this contention, appellee refers to testimony of the witness Wright tending to show that he was not at the place where he claims to have been and where he claims to have heard the crash, until after the accident; that if he was at the place where he claims to have been, he could not have heard a crash between the engine and the automobile; and that it could be that the so-called 'crash' that he said he heard was not the 'crash' of the collision at all, but was a loud noise from some other source. It is contended that this development of the facts by the actual testimony of Wright was materially different from what was before this Court through the proffered testimony in the first trial, thus making our ruling in the first trial inapplicable to the factual situation developed by testimony in the second trial.
 
 
 9
 In substance, Wright's testimony on direct examination in the second trial was that between 12:00 midnight and 12:30 he was coming home from work and came to the intersection of Route 598 where it crosses Route 194; that the weather was pretty bad and he stopped at the stop sign to fix the windshield wiper on his car; that his window was rolled down; that while he was parked there with the window rolled down 'I just heard a loud crash, but I didn't know what happened'; that before the crash he did not hear any sound or signal of a horn, bell or whistle of the train; and that he was listening at the time of the crash. This was substantially the same testimony that the plaintiffs proffered to the Court in the first trial when the objection to Wright's testimony was sustained.
 
 
 10
 The testimony relied upon by appellee was given by Wright upon cross-examination and through use of a signed statement given by him after the accident to an agent of the appellee. With respect to the statement, the witness testified that at the time it was given at his home his wife was pregnant and nervous and 'I wanted to get rid of these guys as fast as possible and he more or less says, 'Was the train stopped,' or something to that effect, and I told him anything he wanted to put down there; that after the statement was typed and given to him to sign 'I just glanced down at it and signed it' and gave it 'just a fast read, yeah.' On redirect examination the witness restated to some extent the testimony he gave on direct examination 'Regardless of what this (the statement) says here, * * *.'
 
 
 11
 Considering Wright's testimony in its entirety a jury could accept as the facts his testimony as given on direct examination regardless of the prior inconsistent statements. It is the province of the jury to reconcile or to decide between such inconsistencies. Prior inconsistent statements can be used to attack the credibility of a witness, but they are not substantive testimony in the trial. Chicago, St. P., M. & O. Ry. Co. v. Kulp, 102 F.2d 352, 358, 133 A.L.R. 1445, C.A.8th, cert. denied, 307 U.S. 636, 59 S.Ct. 1032, 83 L.Ed. 1518; Century Indemnity Co. v. Serafine, 311 F.2d 676, 679, C.A.7th; Romer v. Baldwin, 317 F.2d 919, 922, C.A.3rd. Testimony on cross-examination of a witness who is not a party to the action, which is contradictory to that given on direct examination, may, of course, weaken the credibility of a witness, but it does not as a matter of law completely destroy that which was given on direct examination. Winkler v. City of Columbus, 149 Ohio St. 39, 44, 77 N.E.2d 461; Chicago, St. P., M. & O. Ry. Co. v. Kulp, supra, 102 F.2d 352, 357-358, C.A.8th, cert. denied, 307 U.S. 636, 59 S.Ct. 1032.
 
 
 12
 In determining whether a directed verdict should be given for the defendant, the evidence must be considered in the light most favorable to the plaintiffs. We are of the opinion that the testimony of the witness Wright as given on direct examination, which was in the light most favorable to the plaintiffs, was not materially different from that which was considered by this Court in the first trial under proffer by the plaintiffs. The ruling on the first appeal, accordingly, is the law of the case. Carpenter v. Durell, supra, 90 F.2d 57, 59, C.A.6th; Hildreth v. Union News Company, supra,315 F.2d 548, 550, C.A.6th, cert. denied, 375 U.S. 826, 84 S.Ct. 69. The District Judge was in error in ruling that the evidence was insufficient to take the case to the jury on the issue of appellee's negligence.
 
 
 13
 With respect to the Shepherd case, the issue of contributory negligence is also involved. In making this ruling we are not concerned with the sufficiency of the testimony of the witness George Wright to take the case to the jury on the question of the defendant's negligence, but we direct our attention to the operation of the automobile involved in the collision by Shepherd, the driver.
 
 
 14
 The evidence is uncontradicted that the headlight on the engine was burning bright as the train approached the crossing and that Shepherd, the driver of the automobile, was very familiar with the crossing. The track was straight for about three miles before reaching the crossing. There was a place of safety before reaching the tracks, at which Shepherd could have obtained a clear view of the tracks and could have seen the approaching engine and avoided the collision. The Ohio law is well settled in its strict rule of contributory negligence. Using the syllabus rule as stating the law of the case, as is the rule in Ohio, Perkins v. Benguet Mining Co., 342 U.S. 437, 441-442, 72 S.Ct. 413, 96 L.Ed. 485, rehearing denied, 343 U.S. 917, 72 S.Ct. 645, 96 L.Ed. 1332, the first and third paragraphs of the syllabus in Detroit, Toledo & Ironton Rd. Co. v. Rohrs, 114 Ohio St. 493, 151 N.E. 714, state the rule as follows:
 
 
 15
 '1. It is the duty of a driver of a vehicle upon a public highway when approaching a grade crossing of a steam railroad to both look and listen for approaching trains and to do so at such time and place and in such manner as will make the looking and listening effective. '3. A driver of a vehicle upon a highway cannot recover damages for an injury received in a collision at a steam railroad crossing, even though he testifies that he looked and listened and neither saw nor heard anything approaching on the railroad track before going upon the crossing, when the only conclusion that can reasonably be reached upon the evidence is that there is no doubt that had he looked he must have seen the danger, that was immediately at hand, in time to avoid injury.'
 
 
 16
 This rule was followed and applied by this Court in Detroit, T. & I.R. Co. v. Yeley, 165 F.2d 375, 377, C.A.6th. See also other Ohio cases cited at page 378; Anderer v. Baltimore & Ohio Railroad Company, 300 F.2d 14, 15, C.A.6th; Ernst v. Baltimore & O. Railroad Co., 316 F.2d 856, 857-858, C.A.6th.
 
 
 17
 Under the foregoing authorities we are of the opinion that Shepherd was guilty of contributory negligence as a matter of law and that the directed verdict in his case in favor of the appellee was not error.
 
 
 18
 The contributory negligence on the part of the driver of the automobile is not imputable to Wanetta Green, who was a passenger in the car.
 
 
 19
 The judgment in the appeal of the Wanetta Green case, No. 15,328, is reversed and the case is remanded for a new trial.
 
 
 20
 The judgment in the appeal of the Richard Shepherd case, No. 15,329 is affirmed.